UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CHRISTOPHER D. DOUGHERTY; C&D PROFESSIONAL SERVICES, INC. dba C&N WEALTH MANAGEMENT; JTA FARM ENTERPRISES, LLC; and JTA REAL ESTATE HOLDINGS, LLC,<br><br>　　　　　　　　　Defendants. | Case No.: 19-CV-769 JLS (KSC)<br><br>**FINAL JUDGMENT AS TO DEFENDANT CHRISTOPHER D. DOUGHERTY**<br><br>(ECF Nos. 19 & 20) |

　　　Plaintiff Securities and Exchange Commission (the "SEC") having filed a Complaint and Defendant Christopher D. Dougherty ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

　　　**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of

the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

    (a) Defendant's officers, agents, servants, employees, and attorneys; and

    (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

/ / /

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

  (a) Defendant's officers, agents, servants, employees, and attorneys; and

  (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2), by, while acting as an investment adviser, using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

  (a) to employ any device, scheme, or artifice to defraud any client or prospective client; or

  (b) to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:

  (a) Defendant's officers, agents, servants, employees, and attorneys; and

  (b) other persons in active concert or participation with Defendant or with anyone described in (a).

/ / /

/ / /

IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for disgorgement of $4,751,590, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $563,226, for a total of $5,314,816.  Defendant's $5,314,816 payment obligation shall be deemed satisfied by the Stipulation and Order on Restitution entered against Defendant on October 26, 2021, in *The People of the State of California v. Christopher Dougherty*, Case No. CD281450 (San Diego Super. Ct., filed April 24, 2019).

V.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that the Consent of Defendant Christopher D. Dougherty (ECF No. 20) is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all the undertakings and agreements set forth therein.

VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty, or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree, or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

/ / /

### VIII.

There being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk of the Court **SHALL ENTER** this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

Dated: August 19, 2022

Hon. Janis L. Sammartino
United States District Judge